FILED - CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

TX EASTERN LUFKIN

BY_____

| | | |
|---|---|---|
| RANDELL CRAIG,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CA-NO-_9F 9 9 C V_ 3 2 |
| BIG 4 INC. and<br>BIG 4 SERVICES, INC.<br>    Defendants. | §<br>§<br>§<br>§ | **Judge Hannah** |

---

## COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Randell Craig, Plaintiff, files this his Complaint, complaining of Big 4, Inc. and Big 4 Services, Inc. and would show the following:

### PARTIES

1.  Plaintiff, *Randell Craig* ("Craig"), is an individual residing in Sabine County, Texas.

2. Defendant, *Big 4, Inc.* ("Big 4") is a Texas corporation who was and is doing business in Sabine County, Texas at all times relevant to the events made the basis of this lawsuit. Big 4, Inc. can be served with citation by serving its registered agent, Billy J. McGee at 301 Worth Street, Hemphill, Texas 75948.

3. Defendant, *Big 4 Services, Inc.* ("Big 4 Services) is a Nevada corporation who was and is doing business in Sabine County, Texas at all times relevant to the events made the basis of this lawsuit. Big 4 Services, Inc. can be served with citation by serving its registered agent, Billy Joe McGee at 301 Worth Street, Hemphill, Texas 75948.

## VENUE

4.  The events made the basis of this lawsuit occurred whole or in part in this federal district and division and the defendants have their principal place of business in this division.

## JURISDICTION

5.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## STATEMENT OF CAUSES OF ACTION

6.  Defendants are "employer[s]" as that term is defined in Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act or "TCHRA").  Plaintiff, in fact, contends that Defendants were "joint employers" of Plaintiff or otherwise engaged in a "joint enterprise" in that there exists such a commonality of purpose, ownership and management of the two companies and  that they should in fact be treated as one employer for the purpose of Title VII and the TCHRA.

7.  Big 4 and Big 4 Services are both owned by the same people.

8.  Big 4 and Big 4 Services are both managed by the same people.

9.  Big 4 and Big 4 Services share common employees.

10.  Big 4 and Big 4 Services have the same President.

11.  Big 4 and Big 4 Services have the same Secretary/Treasurer.

12.  Big 4 and Big 4 Services share the same office building.

13.  Big 4 and Big 4 Services are both trucking companies.

-2-

14. For the purpose of this complaint, the defendants will be referred to as "Defendants" and where necessary to distinguish between each defendant they will be referred to as "Big 4" and "Big Services 4." However, it is Plaintiff's contention that they were in fact "joint employers" of Plaintiff at all times relevant to the events made the basis of this complaint.

15. Defendants, between them, employed between 15 and 100 "employees" in the "current or preceding calendar" years as those term are defined and determined for the purpose of Title VII/TCHRA.

16. Craig began working for Defendants in November 1997 as a truck driver.

17. During his employment with Defendants, Craig was the victim of threats, intimidation and a hostile work environment because of his religion and sex. He was also subjected to disparate treatment because of his religion and sex. Craig was continuously sarcastically referred to as "Preacher" by his supervisors and co-workers who intentionally made vulgar sexual references and religious slurs to him, and made derogatory references to his religious beliefs. Such conduct was not directed to other employees as it was with to Craig.

18. When Craig complained about this treatment, Defendants retaliated and continued to discriminate against Craig, resulting ultimately in his termination.

### DISCRIMINATION--SEX/RELIGION

19. The conduct of Defendants as set out herein constitutes violations of Title VII and the TCHRA in that Defendants discriminated against and harassed Craig because of his sex and religion, subjected him to a *hostile work environment*, and ultimately terminated him because of his sex and religious beliefs and practices.

20. The discriminatory conduct of Defendants has caused Craig damage by way of lost wages and benefits in the past and the future, severe mental anguish, emotional distress, inconvenience and other pecuniary and non-pecuniary compensatory damages.

21. Furthermore, the conduct of Defendants was carried out with malice and/or reckless indifference to Craig's state and federally-protected rights and as such justifies an award of punitive damages.

### RETALIATION

22. The conduct of Defendants as set out herein constitutes violations of Title VII and the TCHRA in that Defendants retaliated against Craig after he opposed Defendants' discriminatory conduct or otherwise engaged in protected activity, ultimately terminating him.

23. The discriminatory conduct of Defendants has caused Craig damage by way of lost wages and benefits in the past and the future, severe mental anguish, emotional distress, inconvenience and other pecuniary and non-pecuniary compensatory damages.

24. Furthermore, the conduct of Defendants was carried out with malice and/or reckless indifference to Craig's state and federally-protected rights and as such justifies an award of punitive damages.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.   The conduct of Defendants as set out herein was intentional, extreme and outrageous and was a proximate cause of Craig's mental anguish and severe emotional distress.  As such, the conduct of Defendants constitutes intentional infliction of emotional distress.  Defendants' conduct toward Craig was carried out as an intentional violation of Craig's civil rights which should not be tolerated in a civilized society.  Craig would further show that Defendants' conduct was willful and malicious and of such a nature to justify the imposition of punitive damages in an amount to be determined by the trier of fact to deter Defendants from similar conduct in the future.

### ADMINISTRATIVE PREREQUISITES

26.   Craig has performed all conditions precedent to bringing this cause of action under the Title VII and the TCHRA.  Craig timely filed a charge of discrimination with the Equal Employment Opportunity Commission (and consequently by deferral with the Texas Commission on Human Rights ("TCHR")) on or about April 3, 1998.  A copy of that charge is attached hereto as Exhibit "A."

27. Craig received a  Notice of Right to File a Civil Action from the TCHR on or after December 18, 1998.  A copy of that notice is attached hereto as Exhibit "B."

28.   Craig received a  Notice of Right to File a Civil Action from the EEOC on or after December 9, 1998.  A copy of that notice is attached hereto as Exhibit "C."

29.   Craig has satisfied his administrative prerequisites to bringing this lawsuit.

## ATTORNEY FEES

30. The conduct of Defendants as described herein has made it necessary for Craig to employ the undersigned attorney to file and prosecute this lawsuit. Accordingly, Craig seeks a reasonable attorney fee for the services rendered and to be rendered pursuant to the TCHRA and 42 U.S.C. § 1988 which allow for the recovery of attorney fees.

## JURY DEMAND

31. Craig demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, Randell Craig requests that Defendants be summoned to appear and answer, and that upon final trial he be awarded judgment against for:

(a) actual damages, including back pay front pay and other pecuniary and nonpecuniary compensatory damages;

(b) punitive damages;

(c) equitable relief (including front pay to the extent the Court considers equitable relief to include front pay and because reinstatement is not feasible);

(d) pre-judgment interest;

(e) reasonable attorney's fees;

(f) post-judgment interest; and

(g) such other and further relief, whether general or special, legal or equitable, to which he may be justly entitled.

Respectfully submitted,

G. SCOTT FIDDLER
5959 West Loop South, Suite 150
Bellaire, Texas 77401
TBA #06957750
FID # 12508
Tel. (713) 661-1146
Fax (713) 661-6371

**ATTORNEY-IN-CHARGE
FOR PLAINTIFF**

*EXHIBIT "A"*

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

| ENTER CHARGE NUMBER |
| --- |
| ☐ FEPA |
| ☒ EEOC   330 98 1640 |

RECEIVED

98 APR -3 PM 3: 19

EEOC

HOUSTON DISTRICT OFFICE

TEXAS COMMISSION ON HUMAN RIGHTS
*(State or local Agency, if any)*

NAME (Indicate Mr., Ms., or Mrs.)

Mr. Randell Craig

HOME TELEPHONE NO. (Include Area Code)
(409)787-1045

STREET ADDRESS
Route 1, Box 1838

CITY, STATE AND ZIP CODE
Hemphill, Texas   74948

COUNTY
Sabine

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME
Big 4, Inc. / Big 4 Services, Inc.

NO. OF EMPLOYEES/MEMBERS
Cat A (15-100)

TELEPHONE NUMBER (Include Area Code)
(409)787-2733

STREET ADDRESS
P.O. Box 478, 303 Worth St.

CITY, STATE AND ZIP CODE
Hemphill, Texas   75948

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS

CITY, STATE AND ZIP CODE

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN
☐ AGE   ☒ RETALIATION   ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)
01/29/98

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

I.  I was employed by Big 4 Inc./Big 4 Services, Inc. from November 1997 to January 29, 1998. I was employed as a truck driver. My date of birth is 07/19/57 and my Social Security Number is 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.

II.  I was the victim of threats, intimidation and a hostile work environment based on religion and sex. I was also subjected to cursing, mocking and disparate treatment based on religion and told repeatedly not to "bring religion on to my job." I complained about the treatment I was receiving and was shortly thereafter terminated.

III.  I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Texas Labor Code, having been discriminated against because of sex, religion and having been made to endure a hostile work environment. I have also been retaliated against because I complained of this discriminatory treatment in violation of Title VII of the Civil Rights Act of 1964, as amended and the Texas Labor Code.

E. DENISE CHATHAM
MY COMMISSION EXPIRES
DECEMBER 16, 2001

☒ I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 2 April 98   Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

E. Denise Chatham

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
2nd day April 1998

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

EEOC FORM 5

FILE COPY

*EXHIBIT "B"*



# TEXAS COMMISSION ON HUMAN RIGHTS
December 15, 1998

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

G. Scott Fiddler
5959 W LOOP SOUTH, STE 150
BELLAIRE, TX 77401

Re: *Randell Craig v. BIG 4, INC/BIG 4 SERVICES, INC*
    EEOC Complaint #330981640
    TCHR/Local Commission Complaint #

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** If the above-referenced case was processed by the United States Equal Employment Opportunity Commission or _____ _____, you should also notify that agency as to _____ your intention to file a civil action.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or _____ through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

*William M. Hale*
William M. Hale
Executive Director

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

BIG 4, INC/BIG 4 SERVICES, INC
P O BOX 478 303 WORTH ST
HEMPHILL, TX 75948

CERT-C-NCO2(6/92)

*EXHIBIT "C"*

## Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

To:
Mr. Randell Craig
Route 1, Box 1838
Hemphill, Tx 75948

From:
Equal Employment Opportunity Commission
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002

[ ] *On behalf of a person aggrieved whose identity is*
*CONFIDENTIAL (29 CFR§§ 1601.7(a))*

Certified Mail No. P 559 721 607

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 330981640 | Ethel Bush, Supervisor | (713) 209-3326 |

*(See the additional information attached to this form.)*

**YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON.**

[  ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission.

[  ] Respondent employs less than the required number of employees.

[  ] Your charge was not timely filed with the Commission, *i.e.,* you waited too long after the date(s) of the discrimination you alleged to file your charge.  Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[  ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge.  You have had more than 30 days in which to respond to our final written request.

[  ] The Commission has made reasonable efforts to locate you and has been unable to do so.  You have had at least 30 days in which to respond to a notice sent to your last known address.

[  ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged.  At least 30 days have expired since you received actual notice of this settlement offer.

[  ] The Commission issues the following determination:  Based upon the Commissions's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ X ] Right to Sue (Issued on Request).

- NOTICE OF SUIT RIGHTS -

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE.  If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court.  If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise **your right to sue is lost.  WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[  ] **Age Discriminiation in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION.  If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court.  If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, **your right to sue is lost.  WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[  ] **Equal Pay Act (EPA):**  EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

*12/8/98*
_____
(Date)

H. JOAN EHRLICH
DISTRICT DIRECTOR

Enclosures
   Information Sheet
   Copy of Charge

cc:  Att. G. Scott Fiddler
     G. Scott Fiddler
     5959 West Loop South, Ste. 150
     Bellaire, TX 77401

**CHARGING PARTY LEGAL REPRESENTATIVE**

EEOC Form 161 (Test) 5/95)