IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| RANDELL CRAIG,<br>Plaintiff, | §<br>§<br>§ |
| VS. | § C.A. NO. 9:99-CV-32<br>§ JURY |
| BIG 4 INC. and<br>BIG 4 SERVICES, INC.<br>Defendants. | §<br>§<br>§<br>§ |

## PLAINTIFF'S PROPOSED JOINT PRE-TRIAL ORDER[1]

TO THE HONORABLE JUDGE JOHN HANNAH, JR.:

This cause came before the court at a pre-trial management conference held on June 29, 1999 at 1:30 p.m., pursuant to Local Rules CV-16 and Rule 16 of the Federal Rules of Civil Procedure

a.  **Counsel for the Parties**

   Plaintiff:   G. Scott Fiddler
                Law Office of G. Scott Fiddler
                State Bar No. 06957750
                5959 West Loop South, Suite 150
                Bellaire, Texas 77401
                Tel.:  (713) 661-1146.
                Fax:   (713) 661-6371

---

[1] Plaintiff's Counsel discussed the Joint Pre-Trial Order with Defendants' Counsel on Monday, December 27, 1999. Per Defendants' Counsel's request, Plaintiff's Counsel e-mailed the proposed Joint Pre-Trial Order to Defendants' Counsel the morning of December 28, 1999 for Defendants' Counsel's review and revisions. On the morning of December 29, 1999, Plaintiff's Counsel forwarded a proposed Jury Instructions and Special Interrogatories by e-mail. When Plaintiff's Counsel attempted to contact Defendants' Counsel again on December 29, 1999 regarding any suggested revisions on either document, he was informed by Defendants' Counsel's secretary that Defendants' Counsel was out of the office and would not be able to discuss the matter until Monday, January 3, 1999. Additionally, Defendants' Counsel did not provide any attachments to Plaintiff's Counsel to be included in the Joint Pre-Trial. Therefore, out of respect for the Court's deadlines, Plaintiff is submitting this Pre-Trial Order as "Plaintiff's Proposed Joint Pre-Trial Order".

Defendants: Herbert W. Fortson, III, Esq.
TBA # 07277300
Fortson, Frazer & Siegrist, P.C.
13201 Northwest Freeway, Suite 117
Houston, Texas 77040
Tel.: (713) 462-8887
Fax: (713) 462-0829

**B.  Statement of Jurisdiction**

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Jurisdiction is not disputed.

**C.  Nature of Action**

This is a same-sex sexual harassment case and religious harassment case, wherein Plaintiff contends that he was harassed, complained and then was terminated because of his religious beliefs and his complaints about discrimination.

**D.  Contentions of the Parties**

Plaintiff contends that Defendants are "joint employers" of Plaintiff and that he began working for Defendants in November 1997 as a truck driver. During his employment with Defendants, Plaintiff contends he was the victim of intimidation, religious and sexual ridicule constituting a hostile work environment. Plaintiff also contends that when he complained about this treatment, Defendants retaliated and continued to discriminate against Plaintiff, resulting ultimately in his termination. Plaintiff further contends that Defendants' conduct constitutes intentional infliction of emotional distress.

Defendant denies that it created a hostile work environment or that it discriminated against Plaintiff. Defendant contends that it discharged Plaintiff because of poor work performance and that it did not inflict emotional distress on Plaintiff.

E. **Stipulations and Uncontested Facts**

Defendants Big 4, Inc. ("Big 4") and Big 4 Services, Inc. ("Big 4 Services") are "employer[s]" as that term is defined in Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act or "TCHRA").

Defendants each employed between 15 and 100 "employees" as that term is defined in Title VII and the TCHRA.

Big 4 and Big 4 Services are both owned by the same people.

Big 4 and Big 4 Services both have the same president.

Big 4 and Big 4 Services have the same Secretary/Treasurer.

Defendants, between them, employed between 15 and 100 "employees" in the "current or preceding calendar" years as those term are defined and determined for the purpose of Title VII/TCHRA.

Plaintiff, Randall Craig ("Craig") began working for Defendants in November 1997 as a truck driver.

Craig has performed all conditions precedent to bringing this cause of action under the Title VII and the TCHRA. Craig timely filed a charge of discrimination with the Equal Employment Opportunity Commission (and consequently by deferral with the Texas Commission on Human Rights ("TCHR")) on or about April 3, 1998. Craig received a Notice of Right to File a Civil Action from the TCHR on or after December 18, 1998.

Craig received a Notice of Right to File a Civil Action from the EEOC on or after December 9, 1998.

Craig has satisfied his administrative prerequisites to bringing this lawsuit.

During the times relevant to this lawsuit, Defendants did not have a written sexual harassment policy.

During the times relevant to this lawsuit, Defendants did not have a written anti-discrimination policy.

F.  **Contested Issues of Fact and Law**

Whether Defendants were "joint employers" or were engaged in a "joint enterprise" such that they should both be considered employers of Plaintiff.

Whether the work environment to which Plaintiff was subjected with Defendants included ridicule and comments severe or pervasive enough to constitute a sexually or religiously hostile work environment.

Whether the reason(s) offered for Plaintiff's discharge is the real reason or pretext for religious discrimination or retaliation.

Whether the conduct of Defendants was severe and outrageous and whether it caused Plaintiff to suffer severe emotional distress.

Whether Plaintiff is entitled to recover damages; and if so, how much.

Whether Plaintiff is entitled to recover attorney's fees; and if so, how much.

G.  **List of Witnesses**

Plaintiff's witness list is attached hereto.

H.  **List of Exhibits**

Plaintiff's exhibit list is attached hereto.

I.  **List of Any Pending Motions**

There are no pending motions.

J. **Probable Length of Trial**

The probable length of trial is 2 days.

K. **Management Conference Limitations**

None.

L. **Certifications**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Local Rules;

(2) Discovery limitations set forth in Local Rules have been complied with and not altered by agreement or otherwise;

(3) Contingent attorneys' fees limitations set forth in the Local Rules have been complied with and not altered by agreement or otherwise; and

(4) Each exhibit in the List of Exhibits herein:

    (a) is in existence;
    (b) is numbered; and
    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

ATTORNEY FOR PLAINTIFF

_____
G. Scott Fiddler
TBA # 06957750
FID #12508
5959 West Loop South, Suite 150
Bellaire, Texas 77401
Tel.: 713-661-1146
Fax: 713-661-6371

ATTORNEY FOR DEFENDANTS

Fortson, Frazer & Siegrist, P.C.

*(signature)*

Herbert W. Fortson, III, Esq.
TBA # 07277300
13201 Northwest Freeway, Suite 117
Houston, Texas 77040
Tel.: 713-462-8887
Fax: 713-462-0829

This Joint Pre-Trial Order is hereby approved this the 7th day of February, 2000

*(signature)*
UNITED STATES DISTRICT JUDGE